Thank you. Good morning, Your Honor. Good morning, Mr. Ferg. May it please the Court, Mark Willeman, for Ms. Remedios Catalan-Encarnacion. I'd like to start with what we agree with and then go with what we don't agree with. In this case, Your Honors, at this point, we agree that California Health and Safety 11379A is a divisible statute. It's a statute that requires a modified analytical approach. And using the modified approach, the government is required to provide the district court unfettered evidence or unassailable evidence that Ms. Catalan committed the offense in a specific way. What do you mean, unassailable? Well, as the Court says in Amazon Basara, Your Honor, it says that the evidence has to be, I would say, preponderance of the evidence. It has to be at least unassailable. Well, that's something other than unassailable. Unassailable suggests absolutely bulletproof, and I think the standard is something less than that. I'd like to then quote from the Ninth Circuit, Your Honor, as the Ninth Circuit used. I think the words they used was – let me see if I can find it. It's in my – it's in my brief here. It's unequivocally established. So I think unequivocal established is pretty close to unassailable, Your Honor. If it's unequivocal, that means it's unassailable. And in this particular situation, what we have here is sort of a national treasure, in that we keep going from one clue to the next clue. If we read the transcripts – Well, eventually a national treasure, they found the treasure. But they did – How come you don't find a treasure here? But they couldn't here, Your Honor, and the reason why is because they never get to the final answer. As the transcripts show at page 30 of the excerpts of record, the district court judge – or the State court judge basically asked Ms. Catalan, were the records that you made in the preliminary hearing or the police reports correct? And she says yes, but we don't know what she admitted to. We don't know what the specific facts were. And under count one, there were so many different points that we don't know whether she transported, offered to transport, gave away, offered to give away. We don't know what she did. And because we don't know what she did, Your Honors, the district court judge could not have found a 16-level enhancement. It's just not possible. Well, we do have the ability to reason, and we have a two-count indictment. One count charges the laundry list. The second count charges transportation. We have a five-count indictment. Now, I'm focusing on the two counts that I think the district judge focused on, but which are – I mean, which five counts are you referring to? Well, if you read – if you go to the supplemental excerpts of record, the government so graciously provided the court with all five counts of the indictment as found at page SER 12 – I guess it's 12, 13, and 14. There are actually five counts. Now, while the district court then did a little bit of Sherlock Holmes to use a little bit of logic to decide, well, since the prosecutor dismissed count two, we can assume that transportation is not part of it. But as we know, it's a divisible statute. And without any evidence that that's exactly what happens, we're just – it's speculation. It's conjecture. Well, then let me go back to the question I was suggesting. Look at the first two counts. One of them charges the laundry list. And we have pending in our court an en banc case with regard to whether the conjunctions and and or are And so this panel won't be able to speak to that. I don't know if you're familiar. It's the Young v. Holder case. I am, Your Honor. So I'm focused on another possibility, which is the reasoning offered up by the district judge. He says, well, count one is the laundry list. Count two is about transportation in particular. They drop count two. It seems unlikely they would have charged transportation in two different forms in two different counts. So I, the district judge, reasons from that that by dropping the transportation count, she must have meant acknowledging guilt to something other than transportation. Now, that's the reasoning offered. What's wrong with it? Listen to what the court just had to do. The court took the judicially noticeable documents and then had to go through this whole Sherlock Holmes, well, it must not be this. Sherlock has tougher problems than this one, I think. I hope that the district court doesn't have to go through all those hoops to find out what Ms. Catalan actually did. But district courts go through hoops all the time. They're constantly reasoning as fact finders. But not on judicially noticeable documents. The Supreme Court has made it unequivocal. Bottom line is the government's required to provide those documents. And without those documents, we don't have a 16-level enhancement. So are you suggesting that if the district court looks at the preliminary hearing transcript and the discovery, which are the documents that, as I understand, counsel was stipulating to the factual basis contained in them, that he can then or she can then find? Absolutely. Is that what you're saying? Absolutely. And it's the government's obligation to go and seek out those documents. That's the treasure at the end of the map, Your Honor. Well, but you still haven't told me what's wrong with the reasoning that was offered. The reasoning is, is that there is no opportunity, and the Supreme Court has not given the opportunity for judges to consider what cases were dismissed to lay a factual basis to what facts remain. That's ridiculous. Okay. Well, you know, it's easy to use adjectives and adverbs. And I've heard a lot of those. And you've told me what the Supreme Court has cited, but you haven't given me a case that actually says that the judge isn't allowed to use his reasoning power. In Taylor, in Shepard, in all the Supreme Court cases, even in the latest one, Johnson v. United States, where the Supreme Court says, and I think I quoted it here, basically the government is required to provide evidence in judicially noticeable documents about what the defendant did. Hey, stop right there. What do we have in front of us other than judicially noticeable documents? We have judicially noticeable documents that refer to as Judge Smith. No, no. Those are documents that are not before us. They're not before us. We have judicially noticeable documents in front of us. So that part of the Supreme Court's command has been complied with by the district court. He has reasoned looking at those documents. And that's what you object to. But I'm still waiting for you to tell me why it is he can't use his reasoning power. The Court decided that a case that or a count that was dismissed means that something doesn't exist in another charge. Well, speak to the logic. Is it illogical? It's flawed because we don't know why the second case was dismissed. We don't know why count 2 was dismissed. Is it illogical to reason that count 1 wouldn't have been about transportation because count 2 was? Yes, because count 1. Why is that illogical? Because count 1 contains the word transportation in it. My client admitted to transporting, offered to transport, offered to give away, give away. She offered to give away. Well, she admitted to all of them, which isn't going to do her any good if, in fact, we take the conjunctive and and apply it that way. I tend to agree. I mean, I don't disagree with the young the situation that this Court has to deal with in Young, but as the Court said, it's not before us today. What's before us today is can a court consider the dismissal of another count to find out that that count is not included in another one. And I think that's illogical. Well, it's not the illogic you're complaining about. It's the ability to apply that logical power. And so what I'm really focused on is what authority do you point us to that prohibits the district judge from using that reasoning? It's never been done before. Assume the district court was correct in taking transportation out of count one by virtue of the dismissal of count two. Is 11379 still overly broad? Of course. That's not arguing. No, no. What else is in 11379 besides transportation that would make it overly broad? Offers. It's solicitation. Okay. It's the same thing as Almas and Becerra, Your Honor. It's the same offers to sell, offers to give away, that kind of thing. So taking count two out of the equation doesn't solve the problem? No, it doesn't. It just gets a – it gets us to one less of a bridge, but there's still offers to give away that's still never been addressed. Can I reserve the rest of my time? You can. Thanks, Your Honor. And we'll hear from the government. May it please the Court. My name is Bruce Fergus, Assistant United States Attorney on behalf of the government in this case. Mr. Willimon's argument is all about the process or what he called in his brief the methodology here. And to argue that what was done by the district court in this case has never been done is simply not correct, because the essence of the modified categorical analysis wherein the Supreme Court said look at this variety of documents is to put together the evidence of what happened within those documents that you have, and that's what the district court did. Well, usually when you're looking at the documents, you're looking at facts that give more specific information. And so you know that, for example, the burglary, which in – well, our classic case comes from Oregon. The burglary statute is overbroad, but if you have an indictment or something within the plea colloquy that specifies that it was of a residence, you can fit under the modified categorical approach. We're not looking at something specific here in the documents in front of us that pin down the facts. What we have is the judge applying his reasoning and saying, well, this must not be transportation, because transportation was a second count – was the second count and that was drops. That's not quite the same as defining facts from the colloquy. But what we're doing here is looking at the whole universe of facts that were available through those judicially noticeable documents, including one that Mr. Whelan completely ignored, which was that during the California change of plea, the district court – excuse me, the California superior court directly asked the defendant, so are you now pleading two count one, which is sale of a drug? And she said yes. So we have the direct admission that, yes, that is what she was pleading to. Now, obviously, the way that the entire statute was incorporated into that count one makes things somewhat ambiguous. But when you look at the whole structure – Isn't that the problem, though? To the degree that the rest of the record clarifies what was intended, I think no, because, first of all, again, you have this structure of the information which specifically breaks out and distinguishes the various ways of contravening that statute. First of all, in count one, it specifically highlighted, you know, big, bold letters, sale. And in count two, citing the same statute, it said transportation, and that pattern was also followed in counts three and four. So the drafter was obviously making a distinction under the broad terms of this case. And then, of course, in count one, transportation, which was in count two. The transportation was also in count one, as was solicitation. I mean, count one is the laundry list. It recites the statute. I understand that's a common practice. And, you know, it works fine for the prosecutor who's not thinking about what happens down the road. Well, we're now down the road, and is that enough under our case law to establish that it was sale and not transportation or not solicitation or not something else? I would suggest yes, because, again, we're looking not just at that particular ambiguity, but, first of all, the entire structure of that information, how it was written, what she said, point blank, this is what I am pleading to, which was count one, which specified sale. That's also what she said. Do we have any case law from our Court that permits use of – and that's a shorthand – count one is what she's being asked to plead to. And in that case, the judge who is accepting the plea refers to count one and says sale. It doesn't say anything else. Do we have any case law that suggests that we can look to that colloquy and say, well, it must have been sale, not something else? Well, I think it's necessarily implied by the Sarah Almazan, because the problem in that case was that the information specifically joined all or several of the possibilities under this statute and said – and accused him of sale and transportation and possession and so forth. And that's why it was so ambiguous, because when he actually pled in that same fashion, yes, sale, possession, transportation, and so forth, the Court couldn't tell what it was that he'd actually pled to. This is the exact opposite of that. This is the same statute, but the prosecution has gone to the trouble of saying, wait a minute, we are breaking out these particular ways in different counts of contravening and violating that statute. And then when, again, she is actually asked directly, what is it that you're pleading to? Is it count one, which the judge characterized as a sale? She said yes. And that's also what's ultimately in the abstract. So you put the whole package together, which this Court has done routinely, is putting a whole package of information together. And also – What do you do with Aguila de Hoca, which says that conviction records do not demonstrate that he was convicted or the defendant was convicted of a generic crime when they merely repeat the statutory elements of an overbroad offense? That's if – that's all you have. Obviously, simply by itself saying, you know, this is the universe of ways – Well, how would the count have read if it just said that? I tried – I mean, I'm trying to look at count one and see why that just doesn't control me. Because it's with count two and with all the other things that happened. And Mondes de Hoca – I mean, if I take count one, what language can I get that is in addition to other than the statutory elements? Because it starts out and bolds to emphasize this is a count of sale, even though all these other possibilities are there. And we understand that, again, in the context of counts two, three, and four. And Mondes de Hoca specifically says that when we're looking to see what kind of proof there is – Could they have – could – why didn't they stop at the end of the crime of sale in violation of felony was committed? Why did they throw all this other stuff on there? I can't tell you. Well, that's the problem. And then at that point, don't we have to look to see what it is exactly they're talking about? Well, again, I'm suggesting that that's what the structure, plus what the California judge specifically asked her, and which she particularly admitted to, supplies that. Do you believe that – do you believe under this count one, couldn't one say that California was required to prove all the elements of every one of the crimes? I believe the doctrine is that you can, you know, allege all but only prove one, and that's sufficient. I think this is very similar to Snellenberger, which is actually a burglary case similar to what Judge Clifton was referring to before. He said, here we have an information or an indictment where there are two kinds of burglary from – it may have been Oregon, I don't remember – one of which was, in fact, an appropriate basis for the enhancement, one was – which was not. So how do we figure out which one he pled to? We look at the totality of all the things, including the fact that, in that case, in the abstract of judgment, it showed he pled to count one, which was for this kind of burglary, which was appropriate. So the reasoning is that you look at all that you have in front of you, not the kind of wooden interpretation that Mr. Willimon is arguing for, where you have to look for some kind of magic elemental words. It's the information that you can reasonably derive from all of the judicially noticeable documents. And to the extent, obviously, it's not itself sufficient, but what happened when she got into Arizona court? She specifically, again, pled guilty to having previously been convicted of a sale. Now, that is not independently sufficient, but it certainly corroborates what was going on in her mind and what she understood she was pleading to and what everybody else in California seemed to understand she was pleading to. So we have a variety of things to look at here, every one of which is consistent that it's pointing specifically to sale. Is there anything in the record besides the six or seven line colloquy in the California court between the defendant and the court that points specifically to sale? Well, the fact that it was count one and the way she agreed that everything else was being dismissed. But as far as the ---- But there's no specific source that we could use for a modified approach to look at in the record that would say sale. Well, to the extent that the defendant, through her counsel, stipulated that this is what I'm pleading to and said this is what I'm pleading to, sale, and although we don't have the specific preliminary hearing or whatever those documents were, but that put that together with that supports that I'm pleading to count one, which the judge characterized and she agreed was to a sale. And the only reasonable conclusion is that's what she was pleading to. She understood that. Everybody else understood that. But we do have ---- You're agreeing that we do have case law that suggests that what she said as subsequent proceeding is not really something we can look at, right? Not as an independent source. I mean ---- Oh, not as an independent source. I'm just suggesting that it is something which ---- I guess I didn't read not as an independent source into Cotley. Well, it may have been put inartfully or not as clearly as I want. I think it is consistent. And I think that certainly under Booker and the other cases that I cited, this may be an entirely independent route to getting to the same point. Certainly it validates the reasoning that when you look at the whole totality of the circumstances, you put it together in a meaningful way. You don't just look wittily for does this particular document state these particular  Thank you. Mr. Whelan. It is unfortunate that the California legislature would not break down their laws to conform with what we need here in Federal court. Well, almost every State does it the same way. They don't worry about what happens in the next case. I know, Your Honor. But here what Mr. Ferg, who I'm a big fan of, is basically saying the title of the offense, that means that my client pled guilty to the sale. That simply is not true. In a modified categorical approach, what we have to do is we have to find out specifically which one of these disjointed verbs my client did. And as Judge Smith has been fairly pointed on this, we don't know from this record the six lines that Judge Selma, that you referred to. You concur in the plea and stipulated to a factual basis upon the preliminary hearing transcript and discovery. That's it. That's all he does. So we've got national treasure, but we don't know what the treasure is. Again, I think there is not enough evidence without the preliminary hearing transcript or the discovery. And had we had those documents, most likely we would not have been here today. So I thank you for your time. May I be excused? You may be excused. Thank you. Thank both counsel for their helpful arguments. The case just argued is submitted.
judges: Selna, Clifton, Smith